Opinion of the Court, delivered by
Hortxbloweb, C. J.
Lum, the plaintiff in Certiorari, was defendant in the action before the Justice. Judgment was given against him, and he appealed to the Common Pleas of Essex.— The appeal was regularly filed, entered, and the hearing thereof ordered on; when the Court dismissed the appeal, as they say, in their return, because “ the appellant failed to prosecute his appeal.” This is complained of as irregular; and it is insisted, that an appeal regularly taken and prosecuted until it is ready for a hearing, is in effect, an opening, or setting aside of the Judgment- below: or at least such a vacation of it, that it can never be re-instated, but by the Judgment of the Common Pleas, upon the merits of the case. That both parties upon an appeal are actors; if the appellant was plaintiff below, he must not only prosecute his appeal with regularity, until it is ready to be heard ; but when the hearing is ordered on, he must proceed and prove his case, or be non-suited. But that when the appellant is the defendant below, he has only to see that his appeal is regularly brought and entered for trial; that when that is done, he has done all that is incumbent on him, he may retire or fold his arms in security, until the appellee, who was plaintiff below, proceeds and supports his claim- — that if the plaintiff neglects to do so, the Court should non-suit him, instead of dismissing the appeal. It might be sufficient, to say, that it appears by the record in this case, that the Court of Common Pleas, dismissed the appeal, because the appellant “ failed to prosecute his appeal.” How, or in what particular he failed, does not appear. Nor is it necessary that it should appear on the record. We must intend, that he was in default, uuless the contrary is shown. We cannot pre *196 sume that he failed, by not being present in Court, or in any other particular way.
But not to decide the case upon this point; I remark, that the arguments of the plaintiff’s counsel, are based on false principles. The regular prosecution of an appeal, does not set aside or vacate in any way, the judgment below — that, remains until a new judgment is rendered, or the plaintiff non-suited in the Court of appeals. The condition of the Appeal Bond is, that the appellant shall “ appear and prosecute, &c.” If therefore the appellant in this case, however regularly he may have brought and conducted his appeal, up to that time, did not by himself or counsel, appear in Court to prosecute it, when the Court reached it upon the list, and ordered the hearing to come on, the appellee was not bound, nor would the Court permit him to go into an ex-parte hearing and trial. The unexcused absence of the appellant was an abandonment of his appeal; he had ceased to prosecute it; and all the'court could do, was to dismiss the appeal, and leave the plaintiff below, in possession of his judgment.
This view of the case is fully sustained by what was said by this Court in Reed v. Rocap, 4 Halst. R. 347—350. The judgment must therefore be affirmed.
Ford and Ryerson, Justices, concurred.

Judgment Affirmed.

Cited in Howell v. Van Ness, 2 Vr. 195; affirmed by Court of Appeals, Halst. Dig. 66.